UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ELH (XXX-XX-7086)                      CIVIL ACTION NO. 11-cv-1249

VERSUS                                 JUDGE HICKS

U.S. COMMISSIONER, SOCIAL              MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

### REPORT AND RECOMMENDATION

**Introduction**

ELH ("Plaintiff") was born in 1964, has a limited education, and has past work experience as a retail salesperson, waitress/cashier, fast food worker, and cleaner. ALJ Osly F. Deramus held a hearing, at which Plaintiff appeared and waived her right to representation. The ALJ heard testimony from Plaintiff and a vocational expert ("VE").

The ALJ later issued a written decision that analyzed the claim in accordance with the familiar five-step sequential analysis. 20 C.F.R. §§ 404.1520 and 416.920; Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005). He found that Plaintiff suffered from obesity, hypertension, and degenerative joint disease of the knees. Those impairments were severe but allowed Plaintiff the ability to still perform a limited range of sedentary work. The VE testified that a person of Plaintiff's age, education, work experience, and work ability could perform the demands of a job such as document preparer. The ALJ accepted that testimony and found Plaintiff not disabled at step five of the analysis because she could perform the demands of jobs that exist in significant numbers in the economy. Tr. 13-20.

The Appeals Council denied a request for review (Tr. 1-3), and Plaintiff filed this civil action to seek judicial review. Her only statement of error on appeal is: "The notice of hearing provided [plaintiff] did not provide meaningful notice of the specific issues to be decided at the hearing." For the reasons that follow, it is recommended that the Commissioner's decision be affirmed.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The hallmarks of due process are notice and opportunity for hearing appropriate to the nature of the case. Mullane v. Central Hanover Bank & Trust Co., 70 S.Ct. 652, 656-57 (1950); Echavarria v. Pitts, 641 F.3d 92, 94 (5th Cir. 2011). The Agency's regulations provide for delivery of written notice at least 20 days before the hearing. 20 C.F.R. §§ 404.938 and 416.1438(a). They also state: "The notice of hearing will contain a statement of the specific issues to be decided ... ." §§ 404.938(b) and 416.1438(b).

The notice of hearing (Tr. 55-60) issued in this case informed Plaintiff of the date of the hearing, was dated 22 days in advance of the hearing, and gave general information about the hearing in plain language. A portion of the notice was under a heading, "Issues I Will Consider in Your Case." That provision stated that the hearing concerned Plaintiff's application of March 12, 2008 for a period of disability insurance benefits and an application for Supplemental Security Income payments and whether Plaintiff was eligible for such payments as a disabled person. Relevant sections of the Social Security Act were cited. The notice also advised that the ALJ would decide if Plaintiff had enough earnings to be insured for purposes of disability insurance benefits. If so, he would decide whether Plaintiff became disabled while insured. The notice stated that the ALJ would find Plaintiff disabled only if she had a physical or mental impairment that prevented her from doing any substantial gainful work and lasted 12 straight months or could be expected to last for that time or result in death. The notice also explained the step-by-step process that would be used to make the decision. Another section of the notice was under the heading "More About the Issues" and addressed what would happen if the ALJ found drug addiction and/or alcoholism as an issue and how a period of disability followed by medical improvement would be considered. Plaintiff was told that a vocational expert would testify at her hearing. She was advised that she could object in writing to any of the issues stated. Other portions of the notice addressed how to submit additional evidence, review the file, or request a subpoena. A section under the heading "What Happens at the Hearing" explained just that, in simple and easy to understand language.

Plaintiff argues that the notice "is not specific with respect to the issues to be covered at the hearing" and is mere boilerplate, indistinguishable from the notice issued in every other case. Much of the language used may be employed in other cases, but the notice was plainly tailored to Plaintiff's March 12, 2008 application and covered in reasonable detail issues that were to be presented at the hearing. Plaintiff complains: "The specific issues are not identified." But she never articulates any specific issue that arose at the hearing or that was addressed in the written decision for which she did not receive reasonable notice and an opportunity to respond.

Plaintiff cites in support of her argument a single decision, <u>Harris v. Callahan</u>, 11 F. Supp. 2d 880 (E.D. Tex. 1998), which found that due process was violated when the notice did not inform the social security claimant that a res judicata defense was at issue. This case, however, did not involve any special defense or other unusual issue. It was a typical case in which the ALJ reviewed the testimony and medical evidence, applied the five-step analysis, and issued a decision based on the merits. There were no surprises.

Plaintiff received meaningful notice that reasonably explained what would be covered at the hearing. Therefore, she has no basis to complain of a lack of due process. In the alternative, Plaintiff has not shown any prejudice. She does not identify a single issue that arose at the hearing or in the ALJ's decision that was not encompassed within the notice she was given.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be affirmed and that Plaintiff's complaint be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of June, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE